# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **JAIME GONZALEZ, JR.,** | § | |
| | § | |
| **v.** | § | **A-16-CV-249-SS** |
| | § | |
| **CHERON Y. NASH, WARDEN, FEDERAL** | § | |
| **CORRECTIONAL INSTITUTE,** | § | |
| **BASTROP, TEXAS** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

Before the Court are Petitioner Jaime Gonzalez, Jr.'s Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2241 (Dkt. No. 1); Warden Cheron Nash's Response to the Petition for Writ

of Habeas Corpus (Dkt. No. 8); and Gonzalez's Reply (Dkt. No. 9).

The undersigned Magistrate Judge submits this Report and Recommendation to the United

States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court

Rules of the United States District Court for the Western District of Texas, Local Rules for the

Assignment of Duties to United States Magistrate Judges.

## I.  GENERAL BACKGROUND

Petitioner Jaime Gonzalez, Jr. is currently serving a forty-two month term of federal

imprisonment for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1)

and 924(a)(2). He is confined at the Federal Correctional Institution in Bastrop, Texas.  On

December 7, 2011, state authorities in Bell County, Texas, executed a search warrant at a residence

based on information that Gonzalez had firearms and was selling narcotics there. The search

uncovered methamphetamine and a firearm. Gonzalez was arrested on an outstanding warrant the same day and placed in state custody. He was released on bond on February 11, 2012, and state authorities re-arrested him for bond violations on February 24, 2012.

Gonzalez's criminal conduct resulted in a federal prosecution (for firearm possession) and a state prosecution (for possession of a controlled substance). In March 2012, a federal grand jury charged Gonzalez with possession of a firearm by a convicted felon. Because Gonzalz was in state custody when the federal indictment was returned, the federal court located in Waco, Texas issued a writ of habeas corpus ad prosequendum to state authorities nfor Gonzalez. Once in federal custody, Gonzalez eventually pled guilty to the federal firearms charge, and on June 30, 2012, Judge Walter Smith sentenced Gonzalez to forty-two months imprisonment.  After the sentencing, Gonzalez was returned to state custody, where he also pled guilty to the drug charges, and a state court sentenced him to five years imprisonment. The state court ordered that Gonzalez's state sentence "run concurrently with his federal sentence to the extent permissible by law."

After his state sentencing, Gonzalez remained in state custody to serve his five year state sentence.  In February 2015, state authorities released Gonzalez onto parole and erroneously failed to transfer him into federal custody to serve the 42 month federal sentence.  A few days later, however, Gonzalez was turned over to federal authorities for service of his still-outstanding federal term of imprisonment.

Once in federal custody, Gonzalez complained administratively that he had not received credit from February 24, 2012, the date he was re-arrested by state authorities for bond violations, until February 6, 2015, the date he was paroled after service of his state sentence. The Bureau of Prisons reviewed its calculation of Gonzalez's sentence, confirmed it was correct and thus rejected

Gonzalez's complaint. The BOP also considered whether to designate state facilities nunc pro tunc (retroactively) as the place for service of his federal sentence. The BOP considered the factors governing nunc pro tunc designation and solicited the views of the federal sentencing judge, who responded that it was the Court's intention that the state and federal sentences should run consecutively. Accordingly, the BOP denied Gonzalez's request.

In the instant § 2241petition, Gonzalez contends that the BOP has erroneously calculated his sentence because his state and federal sentences should have run concurrently as the state sentencing judge ordered. Gonzalez argues that he is entitled to credit against his federal sentence for time spent in state custody, and that his time in state custody should be designated as federal time nunc pro tunc. Gonzalez has exhausted his administrative remedies with regard to this issue. The BOP's response is that: (1) it correctly determined that Gonzalez should serve his sentences consecutively; (2) it did not err in declining to retroactively designate the time Gonzalez spent serving his state sentence as time counting toward his federal sentence; and (3) it did not err in determining that Gonzalez was not entitled to credit against his federal sentence for time spent in state custody.

## II.  ANALYSIS

Title 18 U.S.C. § 3585, determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began.  It provides the following:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

**that has not been credited against another sentence.**

18 U.S.C. § 3585 (emphasis added).

The BOP is responsible for calculating a prisoner's sentence and for determining what credit, if any, will be awarded to prisoners for time spent in custody prior to the start of their sentences. *United States v. Wilson*, 503 U.S. 329, 331–32, 334 (1992); *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). Pursuant to 28 U.S.C. § 3621(b), "the BOP may indirectly award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (citing *Barden v. Keohane*, 921 F.2d 476, 480 (3d Cir. 1990)). When an inmate requests a nunc pro tunc designation to the state prison and a concurrent designation may be appropriate, the BOP reviews the request in light of the factors set out in § 3621(b)[1] and the BOP's Program Statements. The BOP, however, will only make such a designation "when it is consistent with the intent of the sentencing Federal court, or with the goals of the criminal justice system." BOP Program Statement 5160.05.

_____

[1]These factors are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence— (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type or penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. § 3621(b).

"The decision whether to designate a [state] facility as a place of federal detention [pursuant to 18 U.S.C. § 3621(b)] 'is plainly and unmistakably within the BOP's discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy.'" *Abdul–Malik v. Hawk–Sawyer*, 403 F.3d 72, 76 (2d Cir. 2005) (citing *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002)).

### A.      Concurrence of state and federal sentences

Gonzalez argues that his state and federal sentences should run concurrently thereby entitling him to federal credit for the time he spent in state custody. He relies upon the state sentencing judge's finding that the sentences should run concurrently. Additionally, he argues that had he served his federal sentence first, he would have been entitled to credit on his state sentence, thereby shortening his overall time served.

When a federal district court does not specify that sentences will run concurrently, they run consecutively. 18 U.S.C. § 3584(a); *Jones v. Joslin*, 635 F.3d 673, 674-75 (5th Cir. 2011); *Hunter v. Tamez*, 622 F.3d 427, 431 (5th Cir. 2010). A district court must "specifically order when it wishes to depart from this default rule." *Jones*, 635 F.3d at 674-75. In Gonzalez's case, the federal sentencing court did not specifically order that his federal sentence be served concurrently with any state sentence, even though it had the power to do so. Erickson Decl., Att. 7. Moreover, when asked, the federal judge who sentenced Gonzalez stated that he intended that the state and federal sentences run consecutively. Erickson Decl., Att. 15; *cf. DeLuna v. Pearce*, No. 1:12cv816-LY-AWA, 2013 WL 1855784, at *3 (W.D. Tex. May 1, 2013) (looking to federal sentencing judge's later statements as evidence that state and federal sentences should run consecutively). Therefore, the BOP did not err in determining that Gonzalez' state and federal sentences run consecutively.

Gonzalez cites the state sentencing court's order that his state sentence "run concurrently with his federal sentence to the extent permissible by law." Erickson Decl., Att. 3 at 1. The state court's order, however, is not binding on federal authorities. *See Hunter*, 622 F.3d at 430-31. Additionally, nothing obligated federal authorities to place Gonzalez in a federal prison to begin his federal sentence immediately. *See Leal v. Tombone*, 341 F.3d 427, 428-29 (5th Cir. 2003). Federal authorities may refuse to accept a state prisoner into federal custody until a state sentence is fully discharged. *United States v. Cibrian*, 374 F. App'x 524, 529-30 (5th Cir. 2010). Gonzalez "having violated both federal and state criminal laws, . . . 'may not complain of the order in which he was tried or punished for such offenses.'" *United States v. Londono*, 285 F.3d 348, 356 (5th Cir. 2002) (quoting *Causey v. Civiletti*, 621 F.2d 691, 694 (5th Cir. 1980)).

**B.     Request for nunc pro tunc designation**

The Court reviews denials of nunc pro tunc designations deferentially under the Administrative Procedure Act.  The Court may reverse a denial only if a petitioner shows that the denial was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). A federal sentence begins when the defendant is received in federal custody to begin serving his sentence. 18 U.S.C. § 3585(a). The BOP, however, has the discretion to retroactively designate a state facility as the place for service of a federal sentence. 18 U.S.C. § 3621(b); *Barden v. Keohane*, 921 F.2d 476, 478–79 (3d Cir. 1990); BOP Program Statement 5160.05(9)(b)(4).  If a defendant is already serving a state sentence, the nunc pro tunc designation has the effect of starting the federal sentence while the defendant is in state custody and running the federal and state sentences concurrently.

The record in this case shows that the BOP reviewed Gonzalez's request for nunc pro tunc designation under the relevant factors set out in 18 U.S.C. § 3621(b), and in accordance with case law and their own polices, determined that his case was not appropriate for a nunc pro tunc designation. The BOP considered the statutory factors that govern its decision about designating a prisoner's place of confinement, including "any statement by the court that imposed the sentence . . . concerning the purposes for which the sentence to imprisonment was determined to be warranted; or recommending a type of penal or correctional facility as appropriate," 18 U.S.C. § 3621(b)(2), (3), (4); Erickson Decl. ¶12 & Att. 16. In light of these factors, including the federal sentencing judge's statement that the state and federal sentences should run consecutively, the BOP denied nunc pro tunc designation. *Id.* ¶ 12 & Atts. 14, 16. The BOP acted within its clear discretion when it denied Gonzalez's request for nunc pro tunc designation. *Puga v. Sherrod*, 462 F. App'x 470, 473, 2012 WL 573419 at * 2 (5th Cir. 2012) (finding that the BOP acted within its discretion when it denied nunc pro tunc designation given the intent of the sentencing court and the lack of statutory entitlement to credit for the expired state sentence).

C.       **No entitlement to federal credit for time served on state sentence**

As quoted above, § 3585(b) clearly and unambiguously prohibits the BOP from giving a prisoner credit toward his federal sentence for time that has already been credited toward another sentence. *Wilson*, 503 U.S. at 337 ("Congress made clear that a defendant could not receive a double credit for his detention time"). Accordingly, Gonzalez is not entitled to receive credit again toward his federal sentence under § 3585(b). *Jones,* 635 F.3d at 675 (holding that BOP was not required to credit the time defendant spent in state custody toward his federal sentence since that time was

already credited against his state sentence); *Leal*, 341 F.3d at 430 (same); *United States v. Moore,* 2001 WL 1692476 at *4 (5th Cir. 2001) (same).

Additionally, the time Gonzalez spent in the federal detention center during his federal prosecution was properly credited toward his state sentence. *Causey,* 621 F.2d at 693 ("A writ of habeas corpus ad prosequendum is only a "loan" of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction."). Accordingly, Gonzalez's federal sentence did not commence until February 9, 2015, when he was taken into federal custody to start serving his federal sentence. *Jones,* 635 F.3d at 675, (finding that petitioner's federal sentence commenced on the day he was officially released from state custody and released to federal officials); *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985) (holding that prisoner's sentence commenced following the declaration of his federal prison term, when he was received at a the facility designated for service of his federal sentence).

Based upon the foregoing, the Court finds that the BOP did not err, and that Gonzalez has failed to demonstrate that he is entitled to any further credit against his federal sentence. The Court finds that Gonzalez's § 2241 Petition should be denied.

## III.  RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** that the District Judge **DENY** Petitioner Jaime Gonzalez, Jr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1).

## IV. CERTIFICATE OF APPEALABILITY[2]

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253© (1)(A). A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).   The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).   In cases where a District Court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the District Court's assessment of the constitutional claims debatable or wrong." *Id.* "When a District Court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the District Court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Petitioner's habeas petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing *Slack*, 529 U.S. at 484).   Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

---

[2]A certificate of appealability ("COA") is not needed for a federal inmate to appeal the denial of relief under 28 U.S.C. § 2241. *See Castro Flores v. Dretke*, 120 F. App'x 537, 538–39 (5th Cir. 2005) (per curiam).

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. U. S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SIGNED this 3rd day of August, 2016.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE