FILED

2016 SEP 12 AM 8:51

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JAIME GONZALEZ JR.,
        Petitioner,

-vs-

CHERON NASH, WARDEN FEDERAL
CORRECTIONAL INSTITUTE,
BASTROP,
        Respondent.

CAUSE NO.:
A-16-CA-00249-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Jaime Gonzalez, Jr.'s Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#1], Petitioner Warden Cheron Nash's Response to the Petition for Writ of Habeas Corpus [#8] in opposition, and Gonzalez's Reply [#9] in support, as well as the Report and Recommendation of United States Magistrate Judge Andrew W. Austin [#10]. Having reviewed the documents, the governing law, and the file as a whole, the Court enters the following opinion and orders.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Gonzalez is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Although Gonzalez did not

file any objections, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

Petitioner Jaime Gonzalez, Jr. is currently serving a forty-two month term of imprisonment for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On December 7, 2011, state authorities executed a search warrant of a residence in Bell County based upon information that Gonzalez was selling firearms and narcotics there. Upon searching the residence, the authorities uncovered methamphetamine and a firearm. Gonzalez was arrested on an outstanding warrant that same day and placed in state custody. Gonzalez was released on bond but later arrested by Bell County authorities for bond violations on February 24, 2012.

On March 13, 2012, a federal grand jury charged Gonzalez with possession of a firearm by a convicted felon. Pursuant to a federal writ of habeas corpus *ad prosequendum* issued by the United States District Court for the Western District of Texas, Gonzalez was transferred from state custody to the custody of the United States Marshals Service (USMS) for purposes of federal prosecution. Once in federal custody, Gonzalez pled guilty to the federal firearms charge. On June 30, 2012, United States District Court Judge Walter Smith sentenced Gonzalez to a forty-two month term of imprisonment, to be followed by a three-year term of supervised release. On August 6, 2012, Gonzalez was returned to state custody.

On September 17, 2012, Gonzalez pled guilty to a state drug charge of possession with intent to deliver a controlled substance, and was sentenced to five years imprisonment, with his state sentence to "run concurrently with his federal sentence to the extent permissible by law."

Resp. [#8-1] Ex. 3 (State Ct. J.) at 1. Gonzalez remained in state custody until February 6, 2015, when he was released from the State of Texas on parole. Gonzalez was returned to federal custody on February 9, 2015, after state authorities erroneously failed to release Gonzalez to the federal detainer for the service of his federal sentence.

Gonzalez is currently incarcerated at the Federal Correctional Institute in Bastrop, Texas. Gonzalez filed a Request for Administrative Remedy seeking to credit, through a *nunc pro tunc* (retroactive) designation, the time he spent in state custody against his federal sentence. After reviewing the statutory factors set forth under 18 U.S.C. § 3261, officials at the Bureau of Prisons (BOP) denied Gonzalez's request for *nunc pro tunc* designation.

Gonzalez files this Section 2241 petition, claiming the BOP erred in failing to credit the time he spent in state custody against his federal sentence. The parties agree Gonzalez has exhausted his administrative remedies.

## Analysis

### I.   Legal Standard

"A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). The BOP is responsible for administering the sentences of federal offenders. *United States v. Wilson*, 503 U.S. 329, 331–32, 334 (1992). The BOP calculates the prisoner's sentence and determines what credit, if any, will be awarded for time spent in custody prior to the start of the federal sentence. *Id.*

Federal sentences and credits for prior custody are calculated pursuant to 18 U.S.C. § 3585, which provides in relevant part:

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

## II.   Application

Gonzalez asserts two primary arguments in his *pro se* Section 2241 petition: (1) the BOP erred in failing to run his state and federal sentences concurrently, and (2) the BOP abused its discretion in denying his request for *nunc pro tunc* designation. The Court disagrees, and further concludes the BOP correctly determined Gonzalez is not entitled to credit against his federal sentence for the time he spent in state custody.

### A.   The BOP did not err in determining Gonzalez's federal sentence would run consecutively to his state sentence.

Under Section 3584(a), there is a presumption that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms run concurrently." 18 U.S.C. § 3584(a). For a petitioner's state and federal sentences to run concurrently, the sentencing court must "specifically order when it wishes to depart from this default rule." *Jones v. Joslin*, 635 F.3d 673, 674–75 (5th Cir. 2011) (citing 18 U.S.C. § 3584(a)). In this case, the federal sentencing court did not specify whether Gonzalez's federal sentence would be served concurrently with any state sentence, even though it was aware of the pending state charges against Gonzalez. In fact, when later asked by the BOP whether the court intended for Gonzalez's sentences to run concurrently, Judge Smith explicitly stated he intended for the

4

sentences to run consecutively. Resp. [#8-1] Ex. 15 (Federal Sentencing Ct. Resp.) at 1. Based on the foregoing, the Court concludes the BOP did not err in determining Gonzalez's state and federal sentences run consecutively.

In support of his argument, Gonzalez relies on the state sentencing judge's statement that his sentence should run concurrently "to the extent permissible by law." State Ct. J. at 1. However, the state court's order is not binding on federal authorities. Rather, "the determination by federal authorities that [the petitioner's] federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction." *Leal v. Tombone*, 341 F.3d 427, 429 (5th Cir. 2003) (quoting *Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir. 1991)). As a result, the BOP was not required to give effect to the state sentencing court's direction that Gonzalez's term of imprisonment on his state conviction run concurrently with his already-imposed term of imprisonment on his federal conviction.

Gonzalez further argues that had he served his federal sentence first, he would have been entitled to credit on his state sentence. However, federal authorities were not obligated to accept Gonzalez into federal custody until his state sentence was fully discharged. *See United States v. Cibrian*, 374 F. App'x 524, 529–30 (5th Cir. 2010) ("The BOP—as opposed to the federal courts—is the entity authorized to determine *where* a federal sentence will be served[.] . . . For instance, the BOP may refuse to accept a state prisoner into federal custody until the state sentence is fully discharged."). Accordingly, Gonzalez, "having violated both federal and state criminal laws, . . . 'may not complain of the order in which he was tried or punished for such offenses.'" *United States v. Londono*, 285 F.3d 348, 356 (5th Cir. 2002) (quoting *Causey v. Civiletti*, 621 F.2d 691, 694 (5th Cir. 1980)).

5

**B.     The BOP did not abuse its discretion in denying Gonzalez's request for *nunc pro tunc* designation.**

The BOP did not err in declining to retroactively designate the time Gonzalez spent serving his state sentence as time spent serving his federal sentence. Under Section 3621, "the BOP may indirectly award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). When a prisoner submits a request for *nunc pro tunc* designation, the BOP reviews the request in light of the factors set forth under Section 3621.[1] The BOP will only make such a designation when "it is consistent with the intent of the sentencing Federal court, or with the goals of the criminal justice system." BOP Program Statement 5160.05. If the federal sentencing court was silent on the matter, the BOP may contact the sentencing court to ascertain the court's position on whether the sentences should run consecutively or concurrently. *Id.* "The decision whether to designate a [state] facility as a place of federal detention [under Section 3621(b)] 'is plainly and unmistakably within the BOP's discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy.'" *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 76 (5th Cir. 2005) (quoting *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002)).

The record reveals the BOP reviewed Gonzalez's request under the Section 3621 factors. Because the federal sentencing court was silent as to whether the federal sentence was to run consecutive to, or concurrent with, Gonzalez's state sentence, the BOP contacted the federal sentencing court to ascertain the court's intention. In response, Judge Smith unequivocally stated, "the Court's intention is that [Gonzalez's] state and federal sentences should be run

---

[1] These factors are: (1) the resources of the facility contemplated, (2) the nature and circumstances of the offense, (3) the history and characteristics of the prisoner, (4) any statement by the court that imposed the sentence, and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. § 3621(b).

6

consecutive to each other." Federal Sentencing Ct. Resp. at 1. After considering the relevant factors, including the federal sentencing court's stated intention, the BOP denied Gonzalez's request for *nunc pro tunc* designation. The BOP did not abuse its discretion in doing so.

### C. The BOP correctly determined Gonzalez is not entitled to credit the time he spent in state custody against his federal sentence.

Finally, Gonzalez is not entitled to credit the time he spent in state custody against his federal sentence. The plain language of Section 3585(b) states a petitioner may only be given credit for time "that has not been credited against another sentence." In enacting Section 3585, "Congress made clear that a defendant could not receive a double credit for his detention time." *Bush v. Fox*, 453 F. App'x 494, 495 (5th Cir. 2011) (citing *United States v. Wilson*, 503 U.S. 329, 337 (1992)). Because Gonzalez received credit toward his state sentence for the time in question, he cannot now receive credit for the same time toward his federal sentence. *See, e.g., Leal*, 341 F.3d at 430 (holding the BOP was not required to credit an prisoner's state custody time against the prisoner's federal sentence, since that time was already credited against his state sentence).

Moreover, the time Gonzalez spent in federal custody during his federal prosecution was properly credited toward his state sentence. *Causey*, 621 F.2d at 693 ("A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction."). As a result, Gonzalez's federal sentence did not commence until February 9, 2015, when he was taken into federal custody to begin serving his federal sentence. The BOP calculated Gonzalez's projected release date as February 25, 2018, which Gonzalez has failed to show was in error.

7

## Conclusion

Based on the foregoing, the Court concludes the BOP correctly determined Gonzalez's federal and state sentences run consecutively and did not err in denying his request for *nunc pro tunc* designation. Gonzalez's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is therefore DENIED.

Accordingly,

IT IS ORDERED that the Report and Recommendation of the United States Magistrate Judge [#10] is ACCEPTED; and

IT IS FINALLY ORDERED that Petitioner Jaime Gonzalez, Jr.'s Petition for Writ of Habeas Corpus [#1] is DENIED.

SIGNED this the 9th day of September 2016.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE